**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**



JUN 1 5 2007

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES OF AMERICA,**

      **Plaintiff**

**v.**                               **CASE NO.  3:07CR150**

**SEAN AARON MIMS,**

      **Defendant.**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (b)(3) upon

the Defendant's request to enter pleas of guilty pursuant to Fed. R. Crim. P. 11 and a written plea

agreement that has been entered into by the United States and the Defendant.  The matter was

presented to the court upon the written consent of the Defendant and counsel for the Defendant to

proceed before a United States Magistrate Judge, said consent including the Defendant's

understanding that he consented to not only having the Magistrate Judge conduct the hearing and

enter any order of forfeiture, if applicable, but also to having the Magistrate Judge make

necessary findings and accepting any guilty plea as may be entered that could not be withdrawn

except for fair and just reason.

The court accepted the Defendant's waiver of his right to proceed by indictment after

specific inquiry was made of the Defendant as to his understanding of the right to require

prosecution by indictment.  The Defendant pled guilty to Counts One and Two of the Criminal

Information in open court and pursuant to a Rule 11 inquiry.  Upon consideration of the

responses and statements made by the Defendant under oath, on the record, and based upon the

written plea agreement and statement of facts presented, the court makes the following findings:

1.  That the Defendant is competent to enter a plea of guilty;

2.  That the Defendant understands the nature of the charges against him to which his pleas are offered;

3.  That the Defendant understands what the maximum possible penalties are upon conviction of the offenses charged, including any mandatory minimum periods of confinement, the effect of any required term of supervised release, the loss of various civil rights (if applicable, including the right to vote, the right to hold public office, the right to own and possess a firearm), the possibility of adverse immigration consequences (if applicable), the required imposition of a special assessment, forfeiture of real and/or personal property (if applicable), and restitution (if applicable);

4.  That the sentencing court has jurisdiction and authority to impose any sentence within the statutory maximums provided, but that the court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a) and that the court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness;

5.  That the Defendant understands his right to persist in a plea of not guilty and require that the matter proceed to trial with all the rights and privileges attending a trial, including, but not limited to:  the right to effective assistance of counsel; the right to use the power and processes of the court to compel the production of relevant evidence on the Defendant's behalf; the right to confront and cross-

examine adverse witnesses; the right to present relevant evidence; the right to

remain silent; and the right to trial by jury;

6.     That the Defendant understands that he is waiving any right to appeal whatever

sentence is imposed by pleading guilty, even if the sentence is erroneous, as long

as said sentence does not exceed the total statutory penalties provided;

7.     That the Defendant understands all provisions of the written plea agreement

which was reviewed in essential part with the Defendant during the proceeding;

8.     That the pleas of guilty entered by the Defendant were knowingly and voluntarily

entered and is not the result of force or intimidation of any kind; nor is it the result

of any promises other than the representations set forth in the plea agreement; and

9.     That the pleas of guilty entered by the Defendant were knowingly and voluntarily

made with full knowledge of the consequences and with an independent basis in

fact to support said pleas.

Accordingly, the court accepted the Defendant's pleas of guilty to Counts One and Two

of the Information and entered judgment of guilt on the subject charges. It is therefore the

recommendation of this court that its findings, including the acceptance of the Defendant's pleas

of guilt and resulting judgments of guilt, be adopted.

Let the Clerk forward a copy of this report and recommendation to the Honorable Robert

E. Payne and to counsel of record.

It is so Ordered.

                                  /s/

                           Dennis W. Dohnal
                           **United States Magistrate Judge**

Dated: **JUN 1 5 2007**

                                   /s/
                                J. Dohnal
                            ates Magistr

## NOTICE

The Defendant is advised that he may file specific written objection to this report and recommendation with the court within ten (10) days of this date.  If objection is noted, the party objecting must promptly arrange for the transcription of the relevant record and file it forthwith with the court for its use in any review.  Failure to object in accordance with this notice, including the requirement for preparation of a transcription of the relevant portions of the record, will constitute a waiver of any right to *de novo* review of the matter and may result in adoption of the recommendation, including the finding of guilt as entered by the magistrate judge.