

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR150

SEAN AARON MIMS

### MEMORANDUM OPINION

Sean Aaron Mims, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 53). The Government has responded, asserting, inter alia, that Mims' § 2255 Motion is barred by the statute of limitations. (ECF No. 55.) Mims has filed a response in support of his § 2255 Motion ("Reply," ECF No. 57). For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

On March 6, 2007, a Criminal Complaint was filed, charging Mims with one count of possession of child pornography. (Criminal Complaint 1, ECF No. 1.) Subsequently, a Criminal Information was filed, charging Mims with two counts of possession of child pornography. (Criminal Information 1-2, ECF No. 17.) On June 15, 2007, Mims pled guilty to the two charges contained in the Criminal Information. (Plea Agreement ¶ 1, ECF No. 26.) On October 12, 2007, the Court entered judgment

against Mims and sentenced him to 120 months of imprisonment for Count One, and 120 months of imprisonment on Count Two, of which 72 months were to run concurrently and 48 months were to run consecutively to the term imposed for Count One. (J. 2, ECF No. 40.) Mims, through counsel, filed a Notice of Appeal. (ECF No. 42.) On August 19, 2008, the United States Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss Mims' appeal based upon his waiver of appellate rights contained in his Plea Agreement. United States v. Mims, 289 F. App'x 645, 646 (4th Cir. 2008).

On May 30, 2013, Mims placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 14.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Mims raises the following claims:

Claim One: "Multiplicitous charges." (§ 2255 Mot. 5.)[1]

Claim Two: "Ineffective assistance of counsel." (Id. at 6.)

Claim Three: "Prosecutor misconduct." (Id. at 8.)

---

[1] The Court corrects the capitalization and spelling in quotations from Mims's submissions.

2

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Mims did appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, November 17, 2008, the last

date to file a petition for certiorari in the Supreme Court. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004) (citation omitted); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). Hence, Mims had until Tuesday, November 17, 2009 to file any motion under 28 U.S.C. § 2255. Because Mims did not file his § 2255 Motion until May 30, 2013, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

### B. Belated Commencement

In his Reply, Mims asserts that he is entitled to belated commencement pursuant to § 2255(f)(4) because "he did inquire about multiplicity of the charges specifically, which indicates some diligence despite the incorrectness of the response." (Reply 3-4.) In his § 2255 Motion, Mims states that he asked defense counsel whether the charges were multiplicitous, and that counsel informed him they were not. (§ 2255 Mot. 13.) According to Mims, he had "no reason to exercise any diligence until such a time as [he] received credible information that would indicate that the statement by the defense counsel may have been false." (Id.) He asserts that he did not receive "credible information" to suggest counsel's answer was erroneous until "reading an article published in a legal periodical

regarding a similar case" less than a year before filing his § 2255 Motion. (Id.)

Whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. See Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady[2] claim prior to filing his first § 2254

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

5

petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

Here, Mims admits that he asked counsel whether the two counts were multiplicitious before entering into the Plea Agreement. Accordingly, Mims knew the facts underlying his claim. Instead, Mims contends he failed to know the alleged legal significance of these facts. However, "for the purposes of § 2255(5), '[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). Accordingly, Mims fails to demonstrate entitlement to a belated commencement of the limitations period.

### C. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In his Reply, Mims contends that he is entitled to equitable tolling because "defense counsel's incorrect representation of the statute and denial of the multiplicity of the charges to him was a circumstance external to his own conduct and that to enforce the time limit in this case would be unconscionable." (Reply 5.) However, absent circumstances not present here, ineffective assistance, even if shown, rarely provides a basis for equitable tolling. See Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (citing Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002)). Furthermore, Mims fails to show that he has been diligently pursuing his rights since his conviction became final on November 17, 2008. "Simply put, [Mims] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011)

7

(alteration in original). Accordingly, Mims lacks entitlement to equitable tolling.

### D. Actual Innocence

In his Reply, Mims further suggests that "because the charges against him are multiplicitous, he is actually innocent of one of the charges and . . . to time-bar his petition would represent a miscarriage of justice." (Reply 5.) The Supreme Court has recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933-34 (2013) (explaining that actual innocence provides an exception to the statute of limitations). To present a credible claim of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). However, this standard reflects the fact that actual innocence is based on factual, rather than legal, innocence. See Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992). Here, Mims has not presented new reliable evidence to support a credible claim of actual innocence; rather, he only argues that he is innocent of one of the charges based upon his theory of

multiplicity. Accordingly, Mims has not met the standard for actual innocence, and the limitations period cannot be excused pursuant to the Supreme Court's decision in McQuiggin.

### III. CONCLUSION

For the foregoing reasons, Mims' § 2255 Motion (ECF No. 53) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Mims and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 1, 2015
Richmond, Virginia